JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT DEROSA,<br>      Plaintiff,<br><br>            v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br>      Defendants. | 2:24-cv-00442-DSF-AJRx<br><br>Order GRANTING Motion to Remand (Dkt. 13) |

   On January 17, 2024, Defendant Costco Wholesale Corporation removed this case from state court.  Plaintiff Vincent Derosa now moves to remand.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.

   Plaintiff makes several arguments in favor of remand, most significantly that there is not complete diversity and that, even if there were, the notice of removal was untimely.

   There is no dispute that Defendant Costco Wholesale Membership, Inc. (Costco Membership) is a California corporation and not diverse from Plaintiff, who is a California citizen.  Therefore, there would appear to be no subject matter jurisdiction over the case in this Court.

   Defendants try to counter the apparent lack of complete diversity by arguing that Costco Membership fraudulently joined.  A defendant who is a resident of the forum state is fraudulently joined "'if the plaintiff fails to state a cause of action against [the] resident defendant,

and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)) (emphasis in original). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550.

Defendants' fraudulent joinder argument is clearly a fact-based one that effectively asserts that Plaintiff cannot prove his claim against Costco Membership. See Opp'n at 10-11. But that is not the standard for fraudulent joinder. Whether or not Costco Membership, in fact, has the necessarily presence at or relationship to the premises, the claims against it are not obviously meritless absent further evidentiary development. Further, unlike some cases where a non-diverse entity has been spuriously joined, Plaintiff has provided an articulable reason why Costco Membership could potentially be liable. Motion at 9-12; Garcia Decl., Ex. H (Dkt. 15-1) (December 26, 2023 letter from Plaintiff's counsel to Defendants' counsel explaining basis of claim against Costco Membership). Plaintiff also argues that he has been stymied by Defendants in his attempts even to evaluate their claims regarding the propriety of claims against Costco Membership. See id.

But even if Costco Membership is fraudulently joined, the January 17, 2024 removal would be untimely. If it is true that the claims against Costco Membership are so obviously meritless under settled California law that there is not even a possibility that the complaint could ever state a claim, this would have been apparent on the face of the complaint when it was filed on June 21, 2023. Even if this were not the case, Defendants' answer, filed in state court on

August 2, 2023, explicitly asserts that Costco Membership "is an improper party as it does not maintain the subject warehouse where Plaintiff's injuries stem from." Notice of Removal, Ex. B (Dkt. 1 at 28 of 43). Therefore, the basis for Defendants' fraudulent joinder argument was known at least as early as August 2, 2023 – months prior to removal.

Plaintiff has requested fees incurred due to the improper removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

The Court declines to award fees associated with the removal. The allegations against Costco Membership are weak enough that Defendants could have reasonably – if erroneously – believed that they constituted fraudulent joinder. In the case of fraudulent joinder, the appropriate amount of notice required to start the 30-day removal period is not well-established, so it was not objectively unreasonable for Defendants to believe that the period began later than the Court has found in this Order.

Other than with respect to the request for fees, the motion to remand is GRANTED. The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: March 26, 2024

Dale S. Fischer
United States District Judge